## MORRIS vs. ABAT ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The provision of the Civil Code, (354, article 57) which gives to the buyer, in case of eviction, the increased value of the property between the time of sale and the period of eviction, which is to be restored by his vendor in warranty, is suppressed and repealed by the adoption of the Louisiana Code.

In case of eviction of the buyer, the seller is *only* responsible for the restitution of the *price;* the fruits or revenues when the vendee has to

return them to the true owner, the costs of suit, and damages, when the vendee has suffered any over and above the price he has paid.

A city marshal or sheriff, who sells property under execution, is not such a warrantor of title, as to authorise his being cited as such, and condemned to pay as vendor, on a failure of title.

The marshal or sheriff is responsible in damages to the purchaser, who is evicted for selling a slave, or other property, without sufficient authority. These officers warrant the correctness and legality of their own acts, and if by their illegal acts, they cause damages, they are bound to make reparation.

This is a petitory action, in which the plaintiff claims a lot of ground in the city of New-Orleans, now in the possession and claimed by the defendant, Abat. The vendors of the latter were called in warranty. The facts of the case are accurately stated in the following opinion of the district judge, who tried the cause in the first instance :

"This is a suit for a lot of land under circumstances every way similar to the case of Morris vs. Crocker, reported 4 *Louisiana Reports*, 147. The only difficulty that has arisen, is between Millaudon, the vendor of Abat, and Macarty, who purchased the lot on a sale by execution in the City Court, for taxes, on the 24th November, 1828, and sold it to Millaudon on the 22d March, 1831, for fifteen hundred dollars, viz: three hundred dollars in money, and twelve hundred dollars in two notes, of six hundred dollars each. Those notes have never been paid, and Macarty now surrenders them. It appears that on the 5th September, 1831, Millaudon exchanged this lot with Abat for other property, and in that exchange, the lot was valued at three thousand dollars. Millaudon, in calling Macarty in warranty, prays judgment against him for all damages, costs and charges, arising from the eviction, and for general relief. Under this answer, his counsel insists that he is entitled to recover from Macarty the three thousand dollars which he, Millaudon, is bound to pay Abat. Macarty pleads that the sale, or exchange, from Millaudon to Abat, is simulated, and was made with the sole intent to extort from Macarty under that pretence double the amount of the value of the lot in ques-

tion, in case of eviction; Millaudon being then, at the time of executing this latter act, informed by the plaintiff's agent that the present suit was about to be brought. Admitting the act of exchange between Millaudon and Abat to be perfectly *bonâ fide*, and that the value of the lot, when he sold it, was the measure of recovery against Macarty, it would probably be open to testimony what that value was: an exchange not fixing value to the same degree of accuracy as a money sale; but as I am of opinion that Millaudon can recover from M'Carty only the price he paid for the lot, this investigation becomes unnecessary.

"By article 2482, in case of eviction, the buyer has a right to claim against the seller:

"1st. The restitution of the price.

"2d. Fruits and revenues returned to the evictor.

"3d. Costs.

"4th. Damages, when he has suffered any, besides the price that he has paid.

"The damages referred to under the 4th head, are, as I presume, damages suffered by the seller when the buyer has knowingly and dishonestly sold the property of another. Supposing that Millaudon had made an actual sale to Abat for three thousand dollars, and was now obliged to refund him, I do not consider the difference between three thousand dollars and fifteen hundred dollars an actual damage to Millaudon in the legal meaning of the term. He has lost a profit, but not suffered a damage. No man is supposed to spend his capital, and he is presumed to have the three thousand dollars which he received from Abat ready to return to him. On the subject of claims against warrantors, there is a marked difference between the new code and the old code. Article 57, page 354, of old code, is left out of new code on deliberate consideration by compilers of new code. See page 74, of additions and amendments to the Civil Code.

"The compilers saw the dangers of the article of the old code to vendors in good faith, who might be ruined in a country where fluctuations in value are so great; or rather, fluctuations in the value of money are so great. As it is,

these fluctuations cause the greatest injustice alternately, to the buyer and seller in relation to the price only. It is clear, therefore, that the compilers of the code intended to make the vendor, where he was in good faith, liable only for the return of the price. To give Millaudon a recovery for three thousand dollars against Macarty, would be to give him the increased value, and be in direct opposition to the rule intended to be adopted."

Judgment was rendered in favor of the plaintiff, for the lot of ground claimed; and in favor of the defendant, Abat, against his vendor, Millaudon, for the sum of three thousand dollars, the price of the sale from the latter to the former, with costs of suit; and in favor of Millaudon against Macarty, for the amount of the sale of the latter to the former, and costs of suit; and that the plaintiff, Morris, pay Macarty five hundred dollars for improvements, which the latter put on the lot while in his possession.

Millaudon and Macarty took separate appeals to the Supreme Court.

*J. Slidell*, for Millaudon, appellant.

1. The obligation of the warrantor, is to pay to his vendee, if evicted, the damages when he has suffered any, besides the price which he paid. *Louisiana Code*, 2482.

2. The damages due to the creditor for the breach of any contract, are the amount of the loss which he has sustained, and the profit of which he has been deprived. *La. Code*, 1928. The general rule of law is, that damages are due for a profit of which one has been deprived as for a loss sustained; it is of the nature of the contract of sale. *Pothier, Contrat de Vente, No.* 130, 132. *Duranton, vol.* 16, *page* 312.

3. A positive statutory provision, limiting the responsibility of the vendor to the restitution of the price, or an express mention of the parties to that effect, is necessary to take the case of the sale of real estate, out of the operation of the general principles laid down, in article 1928. No such provision of law has been invoked, and the act of sale gives a full and unqualified warranty.

*(Margin note:)* Eastern Dist. June, 1836.

MORRIS vs. ABAT ET AL.

*J. Seghers,* for Macarty, appellant.

1. Macarty had a right to call in the marshal or his heirs, to come and defend his title.   8 *Martin, N. S.,* 356.

2. The judge's opinion, page sixty of the record, is in accordance with the law now in force.   The article 57, page 354, of the Civil Code, has been left out in the Louisiana Code, and this suppression was not made through error, but with the express design of repealing a law which proved injurious to the public, in a country where there is so great a fluctuation in the value of real property.   See the work entitled *Amendemens au Code Civil, page* 308.

*Martin, J.,* delivered the opinion of the court.

This is a petitory action, in which the plaintiff succeeded in recovering the land for which he commenced his suit. The defendant at the same time had judgment over against L. Millaudon, his warrantor, for the sum of three thousand dollars, that being the amount, or sum at which the land was estimated, in a contract of exchange between these two parties.   Millaudon also had judgment over against Macarty, his vendor, for the sum of fifteen hundred dollars, the price which the latter received in his sale to the former.

*Millaudon* and *Macarty* have both appealed to this court.

The counsel for the former contended in the argument at the bar :

1. That the warrantor is only responsible in case of eviction, for the restitution of the price for which he sold, and the damage the party   evicted has sustained in consequence thereof.   *Louisiana Code, article* 2482.

2. That damages in such cases consist of the loss sustained and the profits not made.   *Ibid.*

3. That a positive statutory provision, only, can silence the general rule.

Macarty resists the claim in warranty against him, on the allegation that Millaudon's conveyance to the defendant is simulated, and that it was made after he had notice of the present suit being about to be instituted, with a view of claiming heavy damages.

The district judge was of opinion that a *bonâ fide* vendor is not bound to indemnify his vendee for the amount of profits not made. He did not examine the case in relation to the allegation of simulation. We are, therefore, only called upon to test the correctness of the opinion of the judge *a quo*, on the legal extent of the vendor's liability in case of eviction of his vendee.

It is not denied, that under the Civil Code of 1808, the liability of the vendor in cases of eviction, extended to an indemnification of the loss, which resulted from the profits arising from the difference, or increase in the value of the thing sold, from circumstances or events over which the vendor had no control, and to which he had in no wise contributed. It expressly provides that "if the thing sold has risen in value, at the time of eviction, even without the aid of the buyer, the seller is bound to pay him the *increase* of value above the price of sale." *Civil Code, page 354, article 57.*

But the jurisconsults who compiled the *Louisiana Code,* recommended the suppression of this article, as containing a provision evidently dangerous, which might cause the ruin of a vendor who acted in good faith, in a rising, growing and thrifty country like this, in which the fluctuations in the price of property were great, and its value augmenting in an unparallelled degree.

This article of the old code, which imposed such fearful responsibility on the seller, was accordingly suppressed, and does not appear in the new one. The vendor's liability is now clearly defined, and placed upon the most equitable footing. He is now only responsible for the price at which he sold ; for the fruits or revenues, where the party evicted has restored them to the true owner ; the costs of the suit of eviction and warranty, and for any damages the vendor has had to pay. See *Louisiana Code, article* 2482.

To say that the word *damages, means* the loss of profits not made, or to be responsible for the augmentation of the value of the thing sold at the time of eviction, beyond the price of the original sale, would be to restore and carry into effect the entire provisions of the article in the Civil Code which the

EASTERN DIST.
*June,* 1836.

MORRIS
*vs.*
ABAT ET AL.

The provision of the Civil Code, 354, article 57, which gives to the buyer, in case of eviction, the increased value of the property between the time of sale and the period of eviction, which is to be restored by his vendor in warranty, is suppressed and repealed by the adoption of the Louisiana Code.

In case of eviction of the buyer, the seller is *only* responsible for the restitution of the *price;* the fruits or revenues, when the vendee has to return them to the true owner ; the costs of suit and damages, when the vendee has suffered any over and above the price he has paid.

EASTERN DIST.  legislature intended to suppress and repeal. It would, in fact,,
*June*, 1836.,  reinstate the article of the former code, which was recom-
MORRIS       mended by the jurisconsults to be suppressed, and which was
*vs.*        formally suppressed and repealed on the adoption of the
ABAT ET AL.  Louisiana Code.

When an avowedly important provision of law becomes an express or textual one, the repeal of the latter must carry with it that of the former, as an acknowledged principle and rule of law; otherwise the repeal of the other would be vain and idle.

The construction adopted by the district judge, is, in the opinion of this court, perfectly correct. Under this impression, we conclude that neither of the appellants, who are called in warranty, have any just and legal ground of complaint against the decision of the District Court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

After the above opinion was pronounced, the following proceedings were had in this case.

" On motion of Julien Seghers, Esq., of counsel for Augustus Macarty, one of the parties to this suit, and appellant from an interlocutory judgment, disregarding the call in warranty, made by the said Augustus Macarty, against the beneficiary heir of the late city marshal, and upon suggesting to this honorable court, that the decree of the 23d May, 1836, affirming the final judgment of the court below, has not disposed of this breach of the appeal, it is ordered, that this case lie over for consideration, on the single point relating to the call in warranty, made by the said Augustus Macarty, against the beneficiary heirs of the late city marshal."

A city marshal  *Bullard, J.*, delivered the following opinion of the court,
or sheriff, who  upon the foregoing order :
sells property
under execution,  In this case it has been suggested that the court, in
is not such a
warrantor of ti-  delivering its opinion, omitted to notice and to act upon an
tle as to autho-
rise his being  interlocutory judgment of the District Court, overruling a

call in warranty of the city marshal, by whose agency the property in controversy had been sold. The counsel for Macarty now contends, that the District Court erred in refusing to permit the call of the marshal in warranty, and that the case ought to be remanded for further proceedings against the marshal. We have re-considered the case in this respect, and are of opinion, that the marshal is not such a warrantor of title as to authorise his being cited as such, and condemned to pay as vendor on a failure of title. The case of Fleming et ux. *vs.* Lockhart, 10 Martin's Reports, 398, relied on by the appellant, was one for damages against a sheriff, for selling a slave without sufficient legal authority, brought by the purchaser, who had been evicted by the owner of the runaway. The marshal certainly warrants the correctness and legality of his own acts, and if by his illegal acts he has caused damage, he is bound to make reparation.

The judgment first pronounced must, therefore, remain undisturbed; reserving, however, to Macarty his right of action, if any he have, against the city marshal or his legal representatives.

*Eastern Dist.*
*June, 1836.*

