EASTERN DIST.
*March*, 1839.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

## BISSELL ET UX *vs.* ERWIN'S HEIRS.

13L 143
49 181

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE THEREOF PRESIDING.

An amendment of the answer, changing the defence from a contract of lease to one of sale, will be allowed when it is in accordance with the principles settled in the case by this court, remanding it for a new trial.

The plaintiff may amend his petition, so as to embrace an act of sale, anterior in date to the one sued on; provided it does not *change* the title, but only *furnishes additional evidence* of it.

A *bona fide* vendor, on eviction of his vendee, since the adoption of the Louisiana Code, is not bound to indemnify the latter for *profits not made*, or restore absolutely *the increased value* of the thing sold, above the price of the original sale.

But in cases of eviction, such increased value of the thing sold, above the price of the original sale, as the parties might have reasonably anticipated at the time of the contract, should be considered as *profits made* by the buyer, and ought, in all cases, to form a part of the damages for which the vendor is liable on his warranty.

The defendant on eviction, will be allowed to produce evidence of the *increased value* of the property at the time of eviction, above the original price at which he purchased.

This case was before the court at the February term, 1837, and remanded for a new trial. *Vide* 10, *Louisiana Reports,* 524.

On the return of the cause to the District Court, both parties attempted to amend their pleadings by leave of court, which were objected to by the adverse party.

The first bill of exception is taken to an amended petition of the plaintiffs, setting up an act of sale from Joseph Erwin to Abram Wright, of the premises in question, dated the 12th June, 1824, in addition to the act of the 13th of May, 1827, which was taken as the basis of this suit.

The defendants' counsel objected to the amendment on the ground that it changed the whole nature of the demand, &c. The court sustained the objections, the amended petition was rejected and the plaintiffs' counsel took a bill of exceptions to the opinion of the court.

The defendants amended their answer, and treated the act of the 13th May, 1827, *as a sale* instead of a lease, and shaped their defence accordingly, and which had been so declared by this court when the case was formerly before it.

The plaintiff's counsel objected to the amendment, as changing the nature of the defence, making it inconsistent with and repugnant to the former one; but the court received the amended answer, and the adverse counsel excepted.

On these amended pleadings, the parties were ruled to trial.

The plaintiffs offered parole evidence to show the value of all the slaves born upon the plantation from the slaves

which Erwin sold to Wright, after the 13th of May, 1827, the date of the sale; all of whom were under the age of ten years, for the purpose of charging the defendants in damages for the eviction, by the sale under execution of the United States Bank against Erwin. The introduction of this testimony was objected to by the defendants' counsel on various grounds, and the objections were sustained by the court; to the opinion of which the plaintiffs' counsel excepted.

On receiving an elaborate charge of the judge presiding, the jury returned a verdict of eight hundred dollars for the plaintiffs, and after an unsuccessful attempt to obtain a new trial, the plaintiffs appealed from the judgment confirming the verdict.

*Labauve* and *Stacy*, for the plaintiffs, contended, that the amended petition ought to have been allowed by the court. It does not change the issue, or alter the substance of the plaintiffs' demand; but only sets it out more fully, so as to exhibit the whole title on which the plaintiffs rely.

2. The amended answer was improperly admitted, because it changes the entire nature of the defence, from a lease of the premises, to an absolute sale. The two defences set up, are inconsistent with, and repugnant to each other. If they should be allowed at all, the effect must be to destroy one another. It is impossible that they can stand together.

3. Parole evidence was properly admitted to prove the value of the slaves born after the sale, and remaining on the plantation at the time of the eviction, and which were seized and sold by the Bank of the United States, under its judgment and execution. This forms part of the damages suffered by the eviction, and which the defendants are bound to return.

4. The District Court erred in not granting a new trial. The verdict of the jury is clearly contrary to or disregards the evidence, and the judgment should be reversed and the cause remanded.

5. Evidence ought to have been admitted of the increased value of the plantation and slaves, from the time of sale to 1833, the time of eviction, in order to ascertain the extent of

*[margin: EASTERN DIST. March, 1839. BISSELL ET UX. vs. ERWIN'S HEIRS]*

EASTERN DIST. the damages sustained by the eviction, and for which the
*March*, 1839. defendants are liable, on their warranty. *Louisiana Code,*
                *article* 2482.
BISSELL ET UX.
     *vs.*
ERWIN'S HEIRS.

*Winchester* and *Edwards*, for the defendants, insisted, that
the court below erred, in permitting the plaintiffs to prove the
value of the slaves born on the plantation, after the sale of
May 13, 1827, from Erwin to Wright, and in charging the
jury that the defendants were liable to damages for the evic-
tion of the slaves; as they were not and could not be
included in the mortgage from Erwin to the United States
Bank, made anterior to the sale to Wright, and were, there-
fore, illegally sold. The defendants are not responsible for
the illegal acts of others.

2. The supplemental petition was correctly rejected, for
the amendment changed the substance, and altered the
demand set up in the original petition, and evidently changed
the nature of the action. It changed the whole nature of
the demand, inasmuch as the contract or act of sale of the
12th June, 1824, is to be construed with reference to the old
Civil Code, by which the person evicted is entitled to the
*increased value* of the property at the time of eviction, over
the price of the original sale. Vide 9 *Louisiana Reports*, 554.
The provisions of the Louisiana Code, under which the con-
tract of the 27th May, 1827, was made, are different. See
*article* 2482.

3. The amended answer was properly received. It only
shaped the defence in accordance with the decision of the
Supreme Court, which declared the contract under considera-
tion to be a sale, and not a lease. It was still the same con-
tract, but called by a different name, and its effects were
variant from that first supposed.

4. The court decided correctly in not allowing the plaintiffs
to prove the value of the plantation and slaves, in 1833, at
the time of the alleged eviction, in order to recover the
increased value, in damages. This would have been to allow
for the increased value from the day of sale to that of the
eviction, and inflicting on the defendants all the penalties of

the old civil code, which are repealed by the 2482d article of the Louisiana Code. 9 *Louisiana Reports*, 554, *Morris* vs. *Abat et al.*

5. The defendants deny that the plaintiffs suffered any eviction in the meaning of the term, or by intendment of law. The evidence shows that Wright bought, knowing of Erwin's mortgage to the bank, and if their property was sold under the mortgage of another; it was their own fault.

EASTERN DIST.<br>
*March*, 1839.<br>
————<br>
BISSELL ET UX.<br>
*vs.*<br>
ERWIN'S HEIRS.

*Rost, J.,* delivered the opinion of the court.

This case was already once before this court, and the facts are fully stated in the report of the decision, 10 *Louisiana Reports*, 524. In that decision, the court held, that the contract under which the plaintiffs claimed, bearing date the 13th May, 1827, was a sale, and that the agreement subsequently signed by Wright, was not repugnant to, or inconsistent with it. The court then being of opinion that justice had not been done between the parties, according to the evidence, remanded the case for a new trial. It was tried in the District Court, and judgment having been rendered in favor of the plaintiffs for only a small part of their claim, they have appealed.

Our attention is first drawn to three bills of exception taken during the trial.

1st. To the admission of the amended answer of the defendants, on the ground that it changed the nature of his defence.

2nd. To the refusal to permit the plaintiffs to amend their petition, and to allege and prove a title from Erwin to Wright, similar in form to that of 1827, but bearing date in 1824.

3rd. To the refusal to receive evidence of the increased value of the property at the time of the eviction.

I. The amended answer of the defendants was properly admitted : they had proceeded in the former trial, under the belief that the contract of 1827 was a lease, and not a sale ; this court decided that they were in error, and the district judge violated no law in suffering them to shape their defence in accordance with the principles settled by that decision.

An amendment of the answer changing the defence from a contract of lease, to one of sale, will be allowed, when it is in accordance with the principles settled in the case by this court, remanding it for a new trial.

EASTERN DIST.
*March*, 1839.

As long as the defendants believed the contract to be a lease, they could not claim the payment of the price.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

The plaintiff may amend his petition, so as to embrace an act of sale anterior in date to the one sued on; provided it does not *change* the title, but only *furnishes additional evidence* of it.

II. The act of sale of 1824, together with that of 1827, and Wright's memorandum in 1828, appear to us to be evidence of one and the same contract, modified in its execution by each of these acts, but, from the beginning, a sale to Wright of the property from which the plaintiffs have been evicted. That act does not change the nature of the plaintiffs' title; it furnishes additional evidence of it, if it was not superseded by that of 1827, and we think it ought to have been admitted by the District Court.

III. The District Court erred in rejecting the evidence offered by the plaintiffs, to prove the increase in value of the property at the time of the eviction. In doing so, it assumed that no part of that increase could be taken into consideration, in assessing damages on a warranty. This is an error into which many members of the bar have fallen, and it arises from some inaccuracies in the printing of the opinion of this court, in the case of *Morris* vs. *Abat et al.*, 9 *Louisiana Reports*, 522.* The court there held that a *bona fide* vendor

---

*A literal copy of the opinion of the court, by Judge Martin, in the important case of *Morris* vs. *Abat et al.*, is here inserted, to correct some mistakes in the printing of it, in the 9th volume of these Reports. This copy is deciphered and carefully made out from the original *autograph* or *hieroglyphic* manuscript, on file in the clerk's office. A *hiatus* or two, occurring in the original, has been supplied by words included between brackets.    REPORTER.

### MORRIS *VS.* ABAT ET AL.

*Martin, J.,* delivered the opinion of the court.

This is a petitory action, in which the land was recovered, and the defendant had judgment against Millaudon, his warrantor, for three thousand dollars, and costs; this sum being that at which the land had been rated in an exchange between those parties.

Millaudon had judgment against Macarty, his vendor, for one thousand five hundred dollars, the price the latter had received. Millaudon and Macarty appealed.

The counsel of the former has contended:

1. That the warrantor has to pay the price, and the damages the vendee has suffered. *Civil Code, article* 2482.

2. That damages consist of the loss sustained, and the profits not made. *Ib.*

3. That a positive statutory provision, alone, can silence the general rule.

Macarty resists the claim, on an allegation that Millaudon's conveyance

is not bound to indemnify his vendee for *profits not made,* and that to make him answerable for profits not made, and for the augmentation of the value of the thing sold, at the time of the eviction, beyond the price of the original sale, would be to restore and carry into effect the *entire* provisions of that article of the code of 1808, which the legislature intended to suppress and repeal.   But the court never had a doubt that the damages intended by the law, in cases of eviction, are something over and above the original price, nor did it mean to say that such increase in the value as the parties could reasonably have anticipated at the time of the contract, was *a profit not made,* when the eviction took place. It is, on the contrary, a *profit made* by the buyer, *propter rem ipsam,* and ought in all cases to form a part of the damages. The article of the old code referred to in the former decision, provided, that the increase of value was in all cases to be paid to the person evicted; and it was generally believed, justly or not we do not pretend to say, that there was no exception to that rule, however enormous the increase might be, and from whatever causes it arose.   Such is the inter-

*Margin note:* EASTERN DIST. *March,* 1839. BISSELL ET UX. *vs.* ERWIN'S HEIRS. — A *bona fide* vendor, on eviction of his vendee, since the adoption of the Louisiana Code, is not bound to indemnify the latter for profits not made, or restore absolutely the increased value of the thing sold, above the price of the original sale.

---

to the defendant is simulated, and was made after he had notice that the present suit was intended, with a view of claiming heavy damages.

The district judge was of opinion that a *bona fide* vendor is not bound to indemnify for profits not made.

He did not examine the allegation of simulation.  We are, therefore, called upon to test the correctness of his decision on the legal extent of the vendor's liability, on an eviction.

It is not denied that, under the code of 1808, this liability extended to an indemnification of the loss which resulted from the profits arising from the difference of value of the thing sold, by events to which the vendee had not contributed ; the article 57, page 354, providing, that if at the time of the eviction the thing sold has risen in value, even without the buyer's having contributed thereto, the seller is bound to pay the amount of this augmentation of value, beyond the price of the sale.

The compilers of the new code recommended the suppression of this article, as containing a provision evidently dangerous, which might cause the ruin of a vendor in good faith, in a country in which the fluctuation of value [is great.]

This article was accordingly suppressed, and the vendor's liability restricted by article 2482 :

1. To the restitution of the price.

EASTERN DIST. pretation given by Toullier to a similar provision in the
March, 1839. French code. *Toullier on Obligations.*

BISSELL ET UX. The jurisconsults who prepared the code of 1825 have
*vs.* adopted Toullier's opinion, and the article was suppressed at
ERWIN'S HEIRS. their recommendation, on account of the ruinous conse-

But in cases of quences to which it might lead.
eviction, such
increased value The law now stands here as it did in France before the
of the thing sold, adoption of the code, and there the increased value of the
above the price
of the original property invariably formed part of the damages assessed on
sale, as the par-
ties might have a warranty, but such increase only as the parties could have
reasonably anti- in contemplation at the time of the contract, ought to be
cipated at the
time of contract taken into account, and the vendor should not be made to
should be consi-
dered as profits pay the increase which results from unforeseen events, or
made by the from accidental or transient causes. *Dumoulin, de eo quod, in-*
buyer, and ought
in all cases to *terest, No. 57 and following. Pothier on Obligations, No.*
form a part of
the damages, for *164. Ibid., Vente, No. 133. 6 Toullier on Obligations, 285.*
which the ven- *Troplong de la Vente, No. 506.*
dor is liable on
his warranty. Under these circumstances, it is necessary to remand the
case.

---

2. To that of the fruits or revenues, if the party has been obliged to
return them.

3. That of costs of suit.

4. In fine, all the damages which the party has suffered, besides the price
which he has paid.

To say that the word *damages*, in the above article, includes, as " *a loss
of profits," the augmentation of the value of the thing sold, above the price of
sale,* would be to thwart, rather than carry into effect, the express intentions
of the legislature.

It would be to reinstate the whole of the former code, suppressed on the
recommendation of the compilers of the new [one,] and since formally
repealed.

When an avowedly [implied] provision becomes an express or textual
one, the repeal of the latter must carry with it that of the former, as an
acknowledged principle of law; otherwise, the repeal of the other would
be vain and idle.

The construction adopted by the district judge, appears to us perfectly
correct. Under this impression, we conclude that neither of the appellants
has any good ground of complaint against the decision of the District Court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the
District Court be affirmed, with costs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and annulled, and the case remanded for a new trial, with directions to the district judge to allow the plaintiffs to file their amended petition; to prove and give in evidence the document annexed thereto, and to make proof of the increased value of the property from which they have been evicted.

It is further ordered and adjudged, that the defendant and appellee pay the costs of this appeal.

EASTERN DIST.
March, 1839.

LESASSIER
vs.
DASHIELL.
The defendant on eviction, will be allowed to produce evidence of the increased value of the property at the time of eviction, above the original price at which he purchased.