# DOWNES *v.* SCOTT et al.

There can be no *vente à réméré* without a stipulation for the return of the price. A contract of sale, the validity of which is made to depend on the payment of notes which form no part of its consideration, is not a *vente à réméré.*

Where by a contract of sale of land the validity of the sale was made to depend on the payment of certain notes which formed no part of its consideration, the subsequent resumption of possossion of the land by the vendor creates such a presumption of payment as makes it incumbent on the vendee to account for the notes.

The vendor is bound, in case of eviction, to refund to the purchaser the whole amount of fruits and revenues which the latter has been condemned to pay to the true owner.

APPEAL from the District Court of Madison, *Selby,* J. *R. C. Downes,* for the plaintiff. *Thomas* and *Snyder,* for the appellants. The judgment of the court was pronounced by

ROST, J. The plaintiff in his own right, and as tutor of the minors of *Josephus,* and *Samuel Sparrow,* children and heirs of *Samuel* and *Sarah Sparrow,* deceased, claims title to two lots of land, about one-half of which is in possession of the defendants. The defendants, in their answer, claim title to that portion of the land in their possession, by virtue of a sheriff's sale made in 1837, and under an agreement with *Hector Phillips,* whom they call in warranty. *Phillips* appears and defends the suit; denie

DOWNES<br>
<i>v.</i><br>
SCOTT.

the right of the plaintiff to recover, and alleges that, en the 29th of December, 1830, he and <i>John McEacharn</i> acquired title to the land claimed from <i>Samuel Sparrow</i>, the ancestor of the two minors whom the plaintiff represents, and that, on the 20th of January, 1835, he acquired the interest of <i>John McEacharn</i> by purchase from <i>Daniel McEacharn</i>, the heirs of whom he calls in warranty. These heirs answer the call, and allege title in their ancestor to the land sold by him, under a sale made to him by <i>Micajah Harris</i>, curator of the estate of <i>Samuel Sparrow</i> deceased, bearing date the 9th day of May, 1830, and adduced in evidence. There was judgment in favor of the plaintiff in the court below for the land, and $550, that being the value of the rents over and above that of the improvements. There was further a judgment in favor of the defendants against <i>Phillips</i> for the sum of $1,500, and in favor of <i>Phillips</i> against his immediate warrantors for the sum of $317. This judgment is in conformity with the verdict of the jury, before whom the case was tried. The defendants took this appeal by motion in open court, and ask that the judgment be reversed, or, if deemed correct in other respects, that it be changed so as to allow them, against their warrantor <i>Phillips</i>, the amount of damages assessed against them in favor of the plaintiff.

The plaintiff has satisfactorily made out the title under which he claims, and the case turns upon the validity of the private act set up by <i>Phillips</i>. It is manifest that the sale made by the curator of <i>Sparrow</i> to <i>Daniel McEacharn</i> conveyed no title to him, and that he could therefore convey none to <i>Phillips;</i> so that the only inquiry is, as to the rights which <i>Phillips</i> himself acquired under the act of December 29th, 1830. That act has been treated in argument as a <i>vente à rémérè</i>. We cannot view it in that light. There is no <i>vente à rémérè</i> without a stipulation for the return of the price. Here nothing is said about the price. The validity of the contract is made to depend on the payment of notes, which form no part of the consideration of it.*

It is contended by the plaintiff's counsel that this was not a serious contract, or that, if it was, the condition must be presumed to have been performed, as the vendor subsequently resumed the possession of the property, and the same was occupied by him and his wife until their death. On the application of the plaintiff, <i>Phillips</i> was ordered to bring into court the notes mentioned in the act, and failed to do so or to account for them. The resumption of the possession of the land by <i>Sparrow</i>, created such a presumption of payment as made it incumbent upon <i>Phillips</i> to account for the notes. But there is another

---

* The contract is in these words :

"KNOW all men by those presents, that I, <i>Samuel Sparrow</i>, for and in consideration of the sum of $925, to me in hand paid by <i>Hector Phillips</i> and <i>John McEacharn</i>, the receipt whereof I do hereby acknowledge, have sold and conveyed, and by these presents do sell and convey, unto <i>Hector Phillips</i> and <i>John McEacharn</i>, a certain tract of land [here describing it], being the land to which I am entitled to a right of pre-emption. I, the said <i>Samuel Sparrow</i>, do warrant and defend, for myself, my heirs, executors and assigns, unto the aforesaid <i>Hector Phillips</i> and <i>John McEacharn</i>, their heirs, executors and assigns forever. Whereas the said <i>Samuel Sparrow</i> has given two notes unto the said <i>Hector Phillips</i> and <i>John McEacharn</i>, amounting to $750; the first note of $450, due 1st of January, 1832 ; and the other for $300, due 1st of January, 1832: Now the express condition of the above obligation is such that, if the said <i>Samuel Sparrow</i> shall pay, or cause to be paid, his two notes, amounting to the aforesaid sum, when they become due, then this obligation shall be null and void, otherwise to remain in full force and virtue. In witness whereof I have hereunto set my hand and seal, this 29th day of December, in the year of our Lord, 1830.

Witness:                                                      SAMUEL SPARROW, [Seal.]
   C. E. CRANE,
   NEIL McEACHARN."

circumstance which throws doubt upon the reality of this contract. It is under private signature, and there is no evidence in the record to make its date certain, or to explain the singular fact that it bears date more than seven months after the death of *Sparrow*, as appears by the date of the authentic act by which *Harris*, curator of *Sparrow* deceased, sold to *Daniel McEacharn*. Supposing that this discrepancy can be explained, the defence set up by the heirs of *McEacharn* still shows, that they do not claim title under the act of the 29th December, 1830. These facts, coupled with the unusual and irrational stipulations which this act contains, fully authorized the conclusion to which the jury came in relation to the question of title.

The amounts allowed for the rents and improvements appear to us justified by the evidence; and the only error justly complained of by the appellants is that, *Phillips* should have been adjudged to refund to them the whole amount of the fruits and revenues which the judgment condemns them to pay. *Morris* v. *Abat et al.* 9 La. 552. In this respect the judgment must be changed.

It is therefore ordered that the judgment rendered in favor of the plaintiffs be affirmed, with costs. It is further ordered that the judgment rendered in favor of the defendants against the warrantor, *Hector Phillips*, be reversed; and that there be judgment in favor of the said defendants against the said warrantor for the sum of $1,792, with all the costs of this suit in both courts.