## A. B. QUILLIN v. ELIZABETH YAIR, et al.

A purchaser of land, who has been evicted, is not entitled to recover from his warrantor, as damages, the increased value of the land at the time of eviction.
C. C. 2482.

APPEAL from the Eighth District Court of St. Helena, *Waterston*, J. *J. E. Wilson*, for plaintiff. *M. G. Penn*, for defendant and appellant.

OGDEN, J. The defendants are appellants from a judgment rendering them liable as warrantors of the title to a tract of land from which the plaintiffs have been evicted. The only question presented by the appeal is whether the Article 2482 of the Civil Code, which determines the extent of the warrantor's liability, has been violated by the judgment appealed from. The appellants contend that the verdict of the jury was not sanctioned by that article, inasmuch as they have been condemned, as warrantors, in a larger sum than the

QUILLIN
v.
YAIR.

price which the plaintiffs paid for the land, and that it is not shown by the evidence that they had sustained any damages by the action. The sale took place in 1831. Two tracts of land, one containing 1000 arpents, and the other containing 80 acres, and adjoining, were sold together for an aggregate price of eleven hundred dollars. The vendors suffered eviction from the smaller tract of 80 acres, for which, it is alleged, they have sustained an injury to the amount of five hundred dollars, the value of that tract. The jury found a verdict in favor of the plaintiffs for two hundred and fifty dollars. The witnesses vary in their estimates of the comparative value of that particular tract with the rest of the land sold. It appears that at the present time its value is considered much augmented by the railroads constructed in its vicinity. The jury do not appear to have made the present value of the land the basis of their verdict, which was for the sum of $240. It is shown by the evidence that the tract of 80 acres was worth that amount in 1839, when the eviction occurred. There is no satisfactory evidence that the tract of 80 acres was, at the time of the sale, of more relative value, according to quantity, than the other tract—no separate estimate of them was made in the sales itself—and, according to Art. 2490 of the Civil Code, in case of eviction of a part of the thing, the value of the evicted part is to be reimbursed to the buyer according to its estimate, proportionably to the total price of the sales."

The evidence shows that the land had increased in value in 1839, at the time of the eviction, and was then worth as much as the jury have allowed; the value of the 80 acres, proportionably to the total price at the time of the sale, was $100, and the plaintiffs have been allowed $140 for the increased value above the original price. The only question, therefore, is whether that increased value can be allowed, as forming part of the damages for which the vendor may be made liable.

This question was fully discussed by our immediate predecessors, in the case of *Barrow* v. *Price*, 6th An. 297. It had been held in the case of *Bissell and wife* v. *Erwin's Heirs*, 13 L. R. 147, that under the new Code, Art. 2482, which entitles the vendor, in case of eviction, to recover all the damages he has suffered, besides the price which he has paid; that such increased value of the thing sold, above the price of the original sale, as the parties might have reasonably anticipated at the time of the sale, ought to form part of the damages for which the vendor is liable on his warranty. We consider the law as being now settled differently by the decision in the case in the 6th Ann. referred to, in which it has been held that the damages do not extend to the increased value of the property, which has been caused by the fluctuation in the estimated value of it.

It is therefore ordered and decreed, that the judgment of the Court below be reversed, and proceeding to render such judgment as should have been rendered in the Court below, it is ordered and decreed that the plaintiff, *Amy B. Quillin*, individually and in his capacity of tutor, recover from the defendants, *Elizabeth Yair*, wife of *C. D. Strickland*, sen.; *Barbara Yair*, wife of *John Burton*; *Delia Amacker*, wife of *C. E. Strickland*; *Elizabeth Amacker*, wife of *George W. Womack*, and *Thomas Scott Amacker*, the sum of one hundred dollars, with legal interest thereon from the 1st day of January, 1840, until paid, with costs in the several courts; and that the plaintiffs and appellees do pay the costs of their appeal.