On March 1, 1947, plaintiff purchased from the defendant, for the price and cash consideration of $720.00, all of the merchantable timber from 10-inch and up at the stump which was located upon the land of one A.J. Cain, in the Parish of Vernon, described as a part of a 40-acre tract. The timber is described as being "on Blue Branch, bounded on the South by a public road and J.J. Beeson, and on the West by a Field and on the east by William Willis and on the North by a barb wire fence."
Plaintiff alleges that at the time of his purchase, defendant warranted to him that he, defendant, was the actual owner of all merchantable timber located upon the land of the said Cain; that after he had purchased the said timber, he had the timber estimated and there were found to be, at that time, the amount of 39,995 feet of timber of the dimension purchased located on the land; that shortly thereafter, he cut and removed therefrom 21,337 feet of such timber but before he completed the cutting and removal of the remainder of the timber he was ordered to cease operations and forbidden to remove any further timber from the land by the said Cain, the ostensible owner of the land upon which the timber was located. He alleges further that he was ejected and evicted from the property and suffered the loss of the remaining timber within the dimensions sold to him by the defendant; that he has made amicable demand upon the defendant, his vendor, to deliver the timber or place him in possession, without avail; that at the time of eviction, there remained upon the land 18,662 feet of timber of the dimensions purchased by him from the defendant which had a fair market value of $10.00 per thousand feet, or a value of $186.66. For this amount, this suit was filed.
The defendant answered and admitted the sale of the timber by him to the plaintiff of the size and located upon the land. of A.J. Cain. He denied, for lack of information, the remainder of plaintiff's allegations.
Upon trial of the case, there was judgment in favor of plaintiff and against defendant for the sum of $60.00. From this judgment both parties appealed. Defendant has not perfected his appeal and has abandoned it. We are therefore only concerned with plaintiff's appeal.
Shortly after the purchase of the timber by plaintiff from the defendant, plaintiff began *Page 766 
the cutting of the timber and practically removed the greater portion of the pine trees east of a fence enclosing a field of Mr. Cain. Inside this field and west of the said fence, there is standing pine timber within the dimensions called for in plaintiff's sale or receipt. When plaintiff, in his operation, reached the fence, he was stopped by Mr. Cain. Mr. Cain contended that he had not sold to defendant any of the timber within the field, but only such timber as was cast and outside of the field. Thereafter, plaintiff called upon defendant either to deliver to him the timber or to place him in possession thereof. Defendant refused to do so, contending that he had only sold to plaintiff such timber that he had acquired from Cain, and that was the timber lying on the cast of the fence. This brought about this suit. In other words, briefly stated, the contention of the plaintiff is that he had purchased all merchantable timber 10 inches and up lying east of the end rows of Cain's field to the "Branch", while defendant contends that he sold to plaintiff all such timber lying cast of the fence or field enclosure to the "Branch".
The memorandum of sale is as follows:
"Mr. Shirley:
"This is your authority to cut and remove all merchantable timber from 10-inch stump up, from the A.J. Cain place that I bought from him (consisting of a portion of a 40A).
"The timber is on Blue Branch bounded on the South by a public road and J.J. Beeson, and on west by a Field and on East by William Willie, and on north by a barb wire fence. — S — C.A. Richmond."
In substantiation of his position, plaintiff offered the testimony of himself and two of his employees, namely, Leonard James and Haywood Deason. The gist of their testimony is that on the day, plaintiff purchased the timber from defendant, defendant specifically pointed out the timber inside of the fence and within the enclosure as being included in the sale, in other words, from the edge of the cultivated area, or field, east to the "Branch", and that if the timber on the inside of the fence or field was not included, the consideration of $720.00 could not and would not be paid.
In substantiation of his position, the defendant offered the testimony of himself and of Mr. Cain, his vendor.
The testimony of Mr. Cain is that he sold to defendant only such timber lying east of the wire fence; that he considers his field as extending to the wire fence; that he did not sell the timber within the field or enclosure.
The defendant testified that when he purchased the timber from Mr. Cain, it was understood mutually that "the field was the fence which enclosed the field" and that he had sold "the timber to the field and not in the field. I thought it was understood that the field fence was the line." He denies that he ever told or pointed out to plaintiff and his employees the timber in the field as being included in the sale; that his intentions were "to sell to the fence" and no more. He denies that on the day of sale he told plaintiff that the timber inside the field was included in the deal.
The defendant also offered testimony of some of the neighbors to the effect that, in that community, anything within an enclosure would be considered as a field, and that where a field is bounded by a fence, the fence is considered the boundary of the field. The plaintiff, however, argues in his brief, that a "field" in the common and usual language, means a cultivated area. We do not see any reason why we should go into any discussion of the meaning of a "field" in this opinion since we do not see the materiality of a discussion due to the conclusion we have reached.
[1, 2] It is evident from the contentions of and their testimony offered in support thereof by plaintiff and defendant that the parties interpreted the sale contract differently, due to the fact that the description of the west line is ambigous. Whenever a contract of sale is ambigous, it is now well settled that such ambiguity should be resolved in favor of the vendee and against the vendor. It is noted that according to the plat filed in evidence, without objection, the fence contended by the defendant as being the western boundary is a continuance of the fence forming the northern boundary. If it had been the intention of the parties that the fence *Page 767 
was to be the western boundary as well as the northern boundary, the contract would have so stated. Accordingly, we are of the opinion that the preponderance of the evidence is in favor of the plaintiff to the effect that the timber lying and situated on the west side of the fence in question was included in the sale by defendant to plaintiff.
The record discloses that shortly after the purchase of the timber, plaintiff had the timber which he purchased, estimated by a reliable estimator. This estimator found that there were 33,450 feet on the east side of the fence and 6,545 feet on the west side of the fence, or a total of 39,995 feet in all. After plaintiff's operation on the east side of the fence he found that there were 11,601 feet left on the east side of the fence, or a total of 18,146 feet in all from which plaintiff had been evicted. As against this evidence, the defendant submitted the estimate of a saw-mill operator who found that there were about 6,282 feet on the west side of the fence and about 2,821 feet on the east side of the fence, making a total of 9,103 feet from which he had been evicted. We find the expert timber estimator's testimony to be of more probative value and it should be used in the calculation of the amount due.
[3,4] The eviction of plaintiff was of a part the thing purchased and therefore Civil Code Article 2514 has effect. That article reads as follows: "If in case of eviction from a part of the thing, the sale is not canceled, the value of the part from which he is evicted, is to be reimbursed to the buyer according to its estimation, proportionably to the total price of sale." In cases of partial eviction, the relative value at the time of the sale of the part from which the purchaser has been evicted, if shown by the evidence, should be considered. The record discloses that plaintiff was evicted from 9,330 feet of pine, of a value of $10.00 per thousand feet, or of a value of $93.30, and 8,816 feet of hardwood of a value of $7.00 per thousand feet or of a value of $61.71, or a total value of $155.01. Judgment should have been rendered in his favor for that amount.
For these reasons assigned, the judgment appealed from is amended by in creasing the amount granted from $60.00 to the amount of $155.01, and as thus amended, the judgment stands affirmed, all at the costs of defendants.
Amended and affirmed.