FRED W. JONES, Jr., Judge.
Because of allegations in defendants’ answer, a possessory action was converted into a petitory action. By third party demands, the defendants called in warranty their vendors who then called in warranty their vendors. Judgment was rendered recognizing plaintiffs as owners of the disputed tract and in favor of the third party plaintiffs on their calls in warranty. Third party plaintiffs appealed.
W.A. Cooper et al instituted a possessory action against John Burson and Jane Bur-son alleging that plaintiffs’ possession of a 3.88 acre tract of land was disturbed by Burson’s act of burning an old house situated on the property. The Bursons answered alleging title, and third partied their vendors, Gwendolyn Russum et al. The latter filed a third party demand against their vendors, Fred Smith et al.
It was established at the trial that the Bursons purchased from Ms. Russum et al 32.33 acres of rural property for $34,944, computed at $1,050 per acre. The tract in dispute consisted of 3.88 acres on the west side of the larger tract.
With reference to the value of the disputed tract as of the date of the sale, Don Lockhart, real estate appraiser, testified that the property was a long narrow strip of land ¼ mile long and a little more than 100 feet wide, with a public road running through the middle. Trees covered part of the land, but the rest of it was overgrown with underbrush. Assuming an average of $1,050 per acre to be the value of the 33.23 acre tract at the time of the sale, Lockhart diminished the value of the disputed tract by 25% because it was on the back portion of the property and some ¼ mile from a well maintained hard surface road. He then subtracted $300 per acre as a “clearing adjustment”, arriving at a per acre valuation of $500.
On the other hand, Howard Anderson, employed by the Federal Land Bank, using the “guide farm” formula of his employer, computed the value of the disputed tract at the time of the sale at $1,050 per acre.
In his reasons for ruling, the trial judge placed a value of $2400, or approximately $600 per acre, on the property in dispute.
Judgment was rendered recognizing plaintiffs as owners of the 3.88 acre tract; in favor of the Bursons against Ms. Rus-sum et al for $2400 and for court costs incurred after trial of the main demand; and in favor of Ms. Russum et al and against Fred Smith et al for ⅛ of the amount Ms. Russum et al were condemned to pay the Bursons.
In their appeal, the Bursons contended the trial judge erred in 1) assigning a value of $600 per acre to the tract in dispute rather than $1,050 per acre; 2) not award *747 ing court costs on trial of the main demand and not awarding deposition costs and survey costs.
In their appeal, Ms. Russum et al asserted that no value should have been assigned to the disputed tract because it was not shown any loss was sustained by an eviction. In the alternative, these appellants asked for affirmance of the $600 per acre valuation and that, on this basis, their judgment against Fred Smith et al be increased to that figure.
No appellant questioned that portion of the judgment recognizing plaintiffs as owners of the 3.88 acres. Therefore, this is not an issue on appeal.
Pertinent to the issues on appeal are the following civil code articles:
La.C.C. Article 2506 provides that:
“When there is a promise of warranty, or when on stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
1) The restitution of the price.
2) That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
3) All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
4) The damages, when he has suffered any, besides the price that he has paid.”
La.C.C. Article 2514 provides:
“If in the case of eviction from a part of the thing, the sale is not canceled, the value of the part from which he is evicted, is to be reimbursed to the buyer according to its estimation, proportiona-ble to the total price of sale.”
The first question is whether the trial judge erred in fixing the value of the land as of the date of sale to the Bursons at $600 per acre rather than the mathmatically apportioned figure of $1050 per acre.
Article 2514 directs that, when an eviction is from part of the land, the buyer is to be reimbursed “according to its estimation, proportionable to the total price of sale.” In Bonvillain v. Bodenheimer, 117 La. 793, 42 So. 273, 297, 280 (1906), our Supreme Court, addressing the meaning of Article 2514, stated on rehearing:
“The district judge rendered judgment in favor of plaintiff for $15,040.62 on the basis of the average price per acre as shown by the act of sale. Much evidence was adduced pro and con as to the relative value of the tract in dispute at the date of the sale to plaintiff in 1898, but such evidence was not considered by the trial judge. The question before us is whether as a matter of law the rule adopted by the court a qua is correct. Article 2514 of the Civil Code declares:
‘If in case of eviction from a part of the thing, the sale is not cancelled, the value of the part from which he is evicted is to be reimbursed according to its estimation proportionately to the total price of the sale.’
Under the very terms of this law the value of the part must be estimated, and the recovery had of the proportion which such estimated value bears to the total price. If there be no evidence on the subject, the court may assume that the relative value of the part is not greater than an average of the whole. Quillin v. Yair, 10 La.Ann 260. The iron-bound rule of average price per acre, or other measurement, contended for by the defendants, would, in all cases where the parts differed in value by reason of improvements or other causes, work rank injustice.
The cases of Burrows v. Peirce, 6 La. Ann. 297, and Quillin v. Yair, 10 La. Ann. 260, are not applicable. These cases simply hold that a purchaser of land who has been evicted is not entitled to recover from his warrantor, as damages, the increased value of the land at the time of eviction. The circumstance that in both cases the court allowed the average of the total price, in the absence of all contention and evidence that the relative value of the part was greater, is without significance. In Wood Manufacturing & Creosoting Company v. Davenport, 50 La.Ann. 510, 23 South. 448, the court, in the absence of averment and *748 satisfactory evidence as to the relative value of a portion of a city lot, rendered judgment on the basis of the average of the price. In Robbins v. Martin, 43 La.Ann 488, 9 South. 108, judgment was rendered based on the estimative value of the portion of land from which plaintiff had been evicted, proportionally to the total price as shown by the evidence.
We think it too plain for argument that the basis of apportionment should be the relative value of the part from which the purchaser has been evicted, when shown by the evidence.
The question of fact involved is, what was the relative value of the tract of swamp land at the date of the sale in 1898? What could it have been sold for in the market? We are of opinion that the decided preponderance of the evidence entitled to consideration fixes its market value somewhere between $5 and $10 per acre. The circumstance that this tract has enormously enhanced in value since 1898 cuts no figure.”
In Shirley v. Richmond, 33 So.2d 765 (La.App. 1st Cir.1948) the court noted:
“The eviction of plaintiff was of a part of the thing purchased and therefore Civil Code Article 2514 has effect. In cases of partial eviction the relative value at the time of the sale of the part from which the purchaser has been evicted, if shown by the evidence should be considered. The record discloses that plaintiff was evicted from 9,330 feet of pine, of a value of $10.00 per thousand feet, or of a value of $93.30, and 8,816 feet of hardwood of a value of $7.00 per thousand feet or of a value of $61.71, or a total value of $155.01. Judgment should have been rendered in his favor to that amount.”
In this case evidence was presented concerning the relative value of the disputed tract as of its acquisition by the Bursons, due consideration given to the total price of the sale as required by Article 2514. The trial judge then made a fact-finding of $600 per acre. We cannot say that this was clearly wrong.
With reference to the right of Ms. Rus-sum et al to be reimbursed from Fred Smith et al, we do not find that these third party plaintiffs offered any proof of the price paid for the property or the value as of the date of the purchase. Therefore, there is no basis upon which we can disturb the trial judge’s finding of $200 per acre.
As to recovery of costs by the evicted buyer, Article 2506 clearly specifies that he is entitled to “all costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.” See Pharr v. Gall, 104 La. 700, 29 So. 306 (1901). Consequently, the Bursons are entitled to recover from Ms. Russum et al all court costs, both on the main demand and on the call in warranty. For the same reason, Ms. Russum et al are entitled to recover from Fred Smith et al all court costs incurred on the call in warranty from the Bursons and on their third party demand against Fred Smith et al. The judgment shall be amended accordingly.

Decree

For the reasons set forth, that portion of the judgment in favor of John M. Burson and Jane Burson and against Gwendolyn June Smith Russum, Beverly Diane Smith Pope and David E. Smith is amended to provide that the described third party plaintiffs are awarded judgment against the described third party defendants for all court costs incurred, both on the main demand and on the call in warranty; and that portion of the judgment in favor of Gwendolyn June Smith Russum, Beverly Diane Smith Pope and David E. Smith against Fred Smith, Carl Smith, Fannie Bell Smith Hill, Wilma Smith and Carey E. Smith is amended to provide that the described third party plaintiffs are awarded judgment against the described third party defendants for all court costs incurred in defense of the call in warranty against the third party plaintiffs and their call in warranty against the described third party defendants.
As amended, the judgment is AFFIRMED, with costs of appeal assessed to *749 Fred Smith, Carl Smith, Fannie Bell Smith Hill, Wilma Smith and Carey E. Smith.