No. 13,731.

ELIAS A. PHARR vs. JOSEPH GALL ET ALS.

### SYLLABUS.

1. What the evicted vendee has a right to claim against the seller is the restitution of the price he paid, and, in addition, the value of the fruits and revenues which he has been compelled to return to the true owner, the costs of the eviction and warranty proceedings, and such other damages as he may have suffered.

2. But the only effect of his claiming above and beyond these should be the reduction of his demand to what the law permits him to claim—not the dismissal of his entire demand.

A PPEAL from the Nineteenth Judicial District, Parish of Iberia— Foster, J.

---

*Andrew Thorpe* and *Thomas H. Thorpe* for Plaintiff, Appellant.

---

*Broussard, Dulaney & Dunbar* for Defendant, Appellee.

---

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff appeals from a judgment sustaining an exception of no cause of action and dismissing his suit.

The substantial allegations of his petition are:—

That in 1878 he purchased from Jasper Gall, with full warranty against eviction, the undivided half of a certain lot of ground for the price of $4000 cash paid, and went into possession.

That in 1882 he purchased of defendant Jaspar Gall, with like warranty, another lot of ground for the price of $300 cash paid, and went into possession.

That the lots of ground so purchased by him were, at the date of the purchases, the property of the marital community of acquets and gains then existing between the said Gall and his wife, Mrs. Frances Riggs.

That Mrs. Frances Riggs, wife aforesaid, by public act, ratified said sales and renounced in favor of the purchaser all her dotal and paraphernal rights on said property, as well as her rights therein as spouse in community.

That Mrs. Frances Riggs, wife, etc., died in 1888, leaving five children, the issue of her marriage with Jasper Gall, and that these heirs of hers accepted her succession unconditionally.

That in 1895 the property so purchased by him (petitioner) was seized under a writ of *fieri facias,* in execution of a judgment recorded against Jasper Gall by Lucius D. Hopkins, advertised for sale, sold by the sheriff and adjudicated to Hopkins, the seizing creditor.

That the judgment of Hopkins, under which this sale was made, was for $9000, and it recognized and ordered enforced a special mortgage on the property consented to by Jasper Gall in favor of said Hopkins in June, 1873, and duly registered on that date in the mortgage records.

That by this proceeding taken in the suit of Hopkins against Gall, petitioner was evicted from the property, and was compelled to repurchase same from Hopkins, the adjudicatee, which he did in December, 1895, for the price and sum of $8320.08 cash paid.

That Jasper Gall and the heirs of Mrs. Frances Riggs, his deceased wife, are responsible for the damages and loss sustained by him by reason of the eviction aforesaid, and that the sum of such damage and loss is the $8320.08, which is the amount he paid Hopkins in the purchase of the property.

The prayer of his petition is for judgment against defendants, in the proportions legally due by them, for the sum of $8320.08, with legal interest thereon from the date of the sale by Hopkins to him.

The exception of no cause of action is predicated upon the theory that plaintiff should have sued specifically for the return of the pur-

chase price paid by him to Gall for the properties in 1878 and 1882, which amount, in the aggregate, was $4300.

It is urged that he has no right of action to recover the amount, $8320.08, which he paid Hopkins for the property in December, 1895.

True, C. C. 2506 declares that the evicted vendee has a right to claim against the seller the restitution of the price he paid him. He may also claim of him the value of the fruits and revenues, when he has been compelled to return them to the owner who evicts him. Also all the cost occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff. Also the damages, when he has suffered any, besides the price he has paid.

These constitute the measure of the redress he may seek against his vendor.

If he claim more his demands will be reduced to what the law allows him.

But because he claims more it should not operate the dismissal of his action.

Here, the plaintiff lays claim to the amount he saw fit to pay Hopkins, the evicting mortgagee, for a new title.

This amount is largely in excess of the sum he originally paid Gall for the properties. But the greater includes the less, and if he may not recover, on his demand, the larger sum he seeks, he may yet recover, in the suit as brought what he did pay Hopkins, together with the other incidentals enumerated in C. C. 2506, if, so be it, he can make out a case for the same on the proof to be administered.

It is the fact of eviction which gives the plaintiff a right of action.

All the facts are given in his petition, and under his allegations he may administer proof of the amount he paid Gall and also the amount he paid Hopkins for the present title under which he holds.

He may be entitled, under the law, to a judgment for the former, and not entitled to a judgment for the latter.

The only result, therefore, of his claiming the larger amount he paid Hopkins should be the cutting down of his demand to the smaller sum he paid Gall.

It is no where said in the law that the penalty of claiming more than may be proved to be due is dismissal of the entire demand and denial of a hearing.

We will add, however, that it were better form and better practice for the plaintiff to have sued specifically for the return of the purchase

price he paid Gall, together with such demand, setting forth the same, as he may have for fruits and revenues, for costs occasioned him by the eviction, and for such damages as he may have suffered.

It is ordered and decreed that the judgment appealed from be avoided and reversed, and that the cause be remanded and reinstated on the docket of the court *a qua* for further proceedings in due course—costs of both courts in this behalf to be borne by defendants and appellees.

Rehearing refused.