Plaintiff alleges in his petition that he is the owner of a certain black muley headed cow about four years old branded with his official brand, together with a calf about one year old born of said cow; that the cow and calf are worth the sum of $175 and are in the possession of defendant, Napoleon Cormier; that in June, 1939, the cow was missed from his herd of cattle; that defendant LeBleu unlawfully took the cow from plaintiff's herd of cattle, and converted it to his own use and sometime thereafter sold said cow to the defendant Cormier. The prayer of plaintiff's petition is that he be declared the owner of the cow and calf and that Cormier be ordered to deliver the animals to him, and in the alternative, should Cormier not be able to deliver said cow and calf to him, that he have judgment against LeBleu and Cormier in solido for the value of the cow and calf with interest from judicial demand.
LeBleu and Cormier filed separate answers, both denying that the plaintiff is the owner of the said cow and calf. Both admit that LeBleu sold Cormier a black muley headed cow in March, 1941. Defendant LeBleu outlined in his answer how he came to be the owner of the cow and the sale of the cow to Cormier along with other cattle in March, 1941. Defendant Cormier alleges that he bought the cow from LeBleu in good faith and for a valuable consideration, and the calf was born of said cow shortly after the purchase; that plaintiff and LeBleu are liable to him for the cow and calf and their upkeep. He prays to be recognized as the owner of the cow and calf, and in the alternative, in case the court should hold that he is not the owner of the animals, he asks for judgment in reconvention against plaintiff Derouen for the sum of $100 for the feeding and upkeep of the animals while in his possession. He also asked that LeBleu be called in warranty, and in case it should be found that LeBleu was not the owner of the cow that he have judgment against LeBleu for the value of the cow and calf as may be found by the court. Service of the answer, reconventional demand and call in warranty of Cormier was accepted by counsel for plaintiff and counsel for defendant LeBleu, with reservation of all legal rights, and the case went to trial on the issue presented without any formal answer by LeBleu to the call in warranty and without any objection on his part.
After a trial in which 26 witnesses were heard, the trial court rendered a judgment in favor of plaintiff decreeing him to be the owner of the cow and calf and ordering defendant Cormier to deliver said animals to him. There was further judgment in favor of Cormier against his codefendant LeBleu on the call in warranty for the sum of $105, the value of the cow and calf, with legal interest from judicial demand, reserving to Cormier his right to proceed against LeBleu for damages sustained by him for the upkeep of the animals while in his possession, and condemning LeBleu to pay all costs of the suit.
LeBleu alone has appealed and has filed in this court an exception of no cause of action on the call in warranty. This exception is based on the ground that Cormier has asked for the value of the animals as the measure of his recovery against his vendor, LeBleu, instead of the price which he paid for the purchase. This exception is without merit for the reason that, regardless of whether or not Cormier is claiming too much or has based his call on improper grounds, he could still recover the price of his call in warranty if it is otherwise sustained. See Pharr v. Gall et al., 104 La. 700, 29 So. 306.
The appellant LeBleu urges in this court as a cause for annulling the judgment against him on the call in warranty that the call in warranty was never put at issue by the filing of an answer on the part of the warrantor. Articles 382, 383 and 384 of the Code of Practice give to a defendant the right to call another in warranty by praying the court to decree against his warrantor the same judgment which may be rendered against him on the principal demand, and a copy of this answer, together with a citation, shall be served on the warrantor who shall have the same delay for answering as any other defendant in an ordinary suit and may urge any exceptions or other defense which the defendant in the principal suit may urge. *Page 209 
In this case, both LeBleu and Cormier are made defendants in the principal suit, and they both filed answers to that suit and went to trial on the issues presented by the pleadings. In these pleadings, the facts on which the call in warranty was based were set up by both defendants, and the sale of the cow from LeBleu to Cormier was admitted. The former accepted service of the answer and call in warranty of the latter and was fully aware of the claim made against him by Cormier on the call in warranty when he went to trial without any objection on the issues then presented by the pleadings. Under these circumstances, he waived the formality of filing an answer to the call in warranty. In any event, he has not shown wherein he has suffered any injury by the informality.
A careful reading of the evidence convinces us that the trial judge was correct in finding that the cow belonged to plaintiff. The evidence clearly shows that plaintiff's brand was on the cow which was sold to Cormier by LeBleu in March, 1941, along with other cattle. Plaintiff's brand was put on the animal when it was a young calf in the fall of 1938, and he missed the calf in June, 1939, and did not see it any more until he happened to notice the cow with his brand on it in Cormier's pasture in the spring of 1942. He made some effort to get LeBleu to go with him to see the cow and get the matter adjusted but was unsuccessful. A number of witnesses, some of them experienced cattle men, testified that the only brand on the cow was that of plaintiff (except the brand of Cormier which was admittedly put on the animal after the controversy arose.)
LeBleu attempted to prove that his brand was on the cow and the brand of plaintiff was put over his brand thereby obliterating most of it. Without going into the details of the voluminous testimony about the brands on the cow, we think a decided preponderance of the evidence justifies the conclusion that plaintiff's brand was the only brand on the cow when it was sold to Cormier by LeBleu.
However, LeBleu has shown by a number of witnesses that when he moved from his farm to Lake Charles in 1938, he had a cow with a black muley calf, and after the mother of this calf was killed by a truck, the calf was left in charge of various parties, and was branded with his brand while it was a young calf. He claims that this is the cow which he sold Cormier with other cattle in March, 1941. While the actions of LeBleu in trying to show that his brand was on the cow which plaintiff is claiming are not very impressive, yet in view of the fact that he evidently did own a calf of the same description as that of plaintiff's in 1938 and 1939, he might have believed that the cow he sold Cormier belonged to him. It seems that the brand was not very clear and was not noticed by those who had anything to do with the animal before the controversy arose. No effort was made by LeBleu to conceal the cow, but the animal ran with his herd in an open pasture.
Insofar as the judgment decreed plaintiff to be the owner of the cow it is manifestly correct.
The next question to determine is whether or not the trial judge was correct in giving Cormier a judgment against LeBleu for the value of the cow and calf on the call in warranty. Under the old Code of 1808[1] the purchaser in case of eviction from the thing purchased was entitled to recover from the vendor the increased value of the object from the time of the sale until the date of eviction. The old Code contained a provision to the effect that if the thing sold has risen in value at the time of eviction, even without the aid of the buyer, the seller is bound to pay him the increase of value above the price of sale. Under the recommendation of the jurisconsults, the Legislature left out this provision in the revision of the Code in 1825[2] and substituted what is now Article 2506, Civ. Code, which permits the evicted purchaser to recover from his vendor the price paid, the fruits and revenues when he has been obliged to return them to the owner who evicts him, the costs incurred and damages, if he has suffered any. He cannot claim as damages the increase in value at the time of eviction over the price paid. For a full discussion of this subject, see Burrows v. Peirce et al., 6 La.Ann. 297.
The price paid by Cormier for the cow is not shown with certainty. He alleges in his answer that he paid $30 for this cow and another, and it is shown by the evidence that he paid $205 for seven head of cattle and a horse purchased from LeBleu but there is no way of determining what part of this price was for the cow and what part was for the other animals. At the time of the sale, the cow was heavy *Page 210 
with calf, and the price paid for her is presumed to have included the prospective calf. The measure of recovery on the part of Cormier as an evicted vendee against his vendor LeBleu is the price paid for the cow in her condition when the sale was made and the subsequent birth and growth in value of the calf cannot be taken into consideration. The restoration of the price which the vendee paid for the object of the sale puts the vendee in the same position as he was before the sale insofar as the price is concerned. Underwood v. Lacapère et al., 14 La.Ann. 276.
Defendant Cormier alleged and proved that he purchased the animal in good faith. While Article 500 of the Civil Code provides that the young of animals belong to the owner of the mother of them by accession in the same manner as the fruits of the earth belong to the owner of the land, yet the possessor in good faith is not required to restore to the owner the products of the thing. Civil Code, Article 502 and 503. The possessor in good faith ceases to be such only after a suit is filed against him, and the present suit was filed against Cormier by the owner of the cow after the calf was born. However, we do not consider it necessary to decide whether or not the judgment is correct insofar as it condemned Cormier to restore the calf to plaintiff as the former has not appealed from the judgment.
The judgment reserved to Cormier the right to proceed against LeBleu in this proceeding for the damage sustained by him for the upkeep of the animals while in his possession. He did not claim this item of damage against LeBleu in his answer and call in warranty, but did make such a claim after judgment had been rendered but before it was signed. As the decree we are about to enter will leave the case open between Cormier and LeBleu on the call in warranty, we see no reason why the former should not be permitted to assert this claim on his call in warranty by properly amending his pleadings if he so desires. The end of litigation should be expedited in one suit where it is consistent with our system of pleading and practice.
Appellant LeBleu contends that the plaintiff should pay half the cost as he prayed for a judgment in solido against Cormier and LeBleu, but did not secure a judgment against them in accordance with his prayer. While plaintiff did not secure a judgment entirely in accordance with his prayer, yet both defendants were cast in the suit, Cormier by being ordered to restore the animals and LeBleu by being condemned on the call in warranty. Had the entire cost been thrown on Cormier he would have been entitled to recover these costs on his call in warranty against LeBleu, so the latter is in no worse position than he would have been had the cost of the principal demand been thrown on Cormier and the latter recovered these costs in his call in warranty. The party cast is liable for the costs. Code of Practice, Art. 549.
For the reasons assigned, it is ordered that insofar as the judgment appealed from condemned the defendant LeBleu to pay to defendant Cormier the sum of $105, with legal interest from judicial demand, the same is hereby reversed and set aside, and it is now ordered that the case be remanded to the district court for trial on the call in warranty as between Cormier and LeBleu in accordance with law and the views herein expressed; that in all other respects as the judgment affects the plaintiff and appellant LeBleu, the same is hereby affirmed; cost of this appeal to be paid by defendant Cormier, and the additional and future costs as between Cormier and LeBleu to await the final termination of the cause.
[1] Book 3, tit. 6, art. 54.
[2] Art. 2482.