LABORDE, Judge.
Appellant, Allstate Insurance Company, appeals from a judgment casting it for costs of a jury trial wherein no award was ultimately rendered against Allstate.
Appellant was the uninsured motorist insurer of plaintiff who was injured in an automobile accident. Plaintiff sued the driver of the other car, his liability insurer and her uninsured-motorist insurer. At the first trial of this suit, the judge directed a verdict for plaintiff on the issue of liability and allowed the issue of quantum to be given to the jury. The jury was unable to render a verdict on quantum and a mistrial was declared. Before the second trial, the Supreme court decided Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1979), which invalidated the “consent to settle clause” of the uninsured motorist policy. Plaintiff settled with the driver and his insurer for its $25,000.00 policy limits the day prior to the second trial. Following settlement, suit was dismissed with prejudice against the driver of the offending automobile and his insurer, State Farm, and all costs incurred for the first trial were paid by State Farm. In the settlement agreement and in the judgment of dismissal appellee’s rights against Allstate were reserved. At the second trial, the judge ruled that he would tell the jury about both policies, but not about the settlement. The jury returned a verdict of $10,000.00. This being less than the $25,000.00 policy limits of the liability insurer, plaintiff’s suit against Allstate was dismissed with prejudice. The judge, in assessing costs, recognized that the liability insurer’s settlement included paying all court costs up to the time of the second trial. He then assessed the costs of the second trial to appellant.
Appellee moved to dismiss the appeal urging that appellant failed to timely pay all costs incurred in the trial court pursuant to the judgment appealed from. We first consider appellee’s motion to dismiss.
MOTION TO DISMISS
Appellee’s motion to dismiss this appeal is denied.
The judgment of the trial court ordering Allstate Insurance Company to pay costs of the second trial is the only issue on appeal. Appellant posted an appropriate suspensive appeal bond to secure payment of such costs if its appeal is unsuccessful.
*125 The costs required to be timely paid in order to perfect an appeal are those set out in LSA-C.C.P. Article 2126 and include only the cost of preparing the record on appeal and the filing fee in the court of appeal. Appellant has paid these costs according to the certificate of the Clerk of Court. (Tr. 82). Therefore, the motion to dismiss is denied. Succession of Cavallino, 336 So.2d 909 (La.App. 1st Cir. 1979).
THE MERITS
Appellant admits in its brief that the assessment of costs is a discretionary matter for the trial judge but asserts that, under the particular facts, the trial court abused its discretion.
Appellant directs our attention to Gholar et al. v. Security Insurance Co. et al., 366 So.2d 1015 (La.App. 1st Cir. 1978). The court there reversed the trial court and relieved the defendant from paying costs where he was not found negligent and had not prolonged the trial. The court held that:
“C.C.P. Art. 1920 gives the court discretion to assess costs but limits this discretion. The general rule is that the party cast in judgment should pay all costs of the trial. Custom Builders & Supply Inc. v. Revels, 310 So.2d 862 (La.App. 3rd Cir. 1975).”
In Custom Builders, we amended the judgment to assess one-half of the court costs to defendants who, although in part successful in their defense of plaintiff’s demand, withheld payments which they knew were owed. We said therein:
“Custom Builders next contends the trial court erred in assessing all court costs to them. We agree. The general rule is that the party cast in judgment shall pay all costs of the trial. Clark v. Clark, 192 So.2d 594 (La.App. 3 Cir. 1966); Mire v. Hawkins, 177 So.2d 795 (La.App. 3 Cir. 1965).
While the trial court has much discretion in assessing costs (LSA-C.C.P. art. 1920), appellate courts are obliged to review this ruling and to assess costs which it considers equitable (LSA-C.C.P. art. 2164).”
We based our decision in Clark and Mire on Comment (b) to LSA-C.C.P. 1920, which states:
“(b) In Louisiana, it has been held that when there is a reconventional demand and both parties are cast, each must pay the costs occasioned by the demand of the other; and if the testimony has borne on both demands, the costs thereof will be divided. Hunter Canal Co. v. Robertson’s Heirs, 113 La. 833, 37 So. 771 (1940). Also, when there are two distinct claims and demands, there is only one suit, and the rule is that if a plaintiff wins any part of his suit he is entitled to costs. Hart v. Polizzotto, 168 La. 356, 122 So. 64 (1929). When plaintiff asks for a judgment against defendants in solido, and the court condemns one defendant and the other is condemned on the call in warranty, the defendant condemned is liable for the costs, even though plaintiff does not receive a judgment entirely in accordance with his prayer. Derouen v. LeBleu, 18 So.2d 207 (La.App.1944).
On one hand we have appellant urging that we follow the jurisprudential rule and cast the party in judgment, i. e., plaintiff, with all costs. Plaintiff on the other hand urges that the second paragraph of Article 1920 gives the trial court discretion to fix costs as it may consider equitable.
Appellant urges that “it is a clear abuse of discretion for the court to assess the costs of this jury trial against Allstate Insurance Company . . which trial Allstate won.”
Appellee argues that “it is certainly nobody’s fault that the first jury hung and required a second trial. It was certainly not the fault of plaintiff. It was an unfortunate occurrence for all parties concerned. The trial judge, in balancing all of the facts of which he had knowledge, decided that the most equitable thing to do was to assess costs of the second trial to Allstate Insurance Company.”
We addressed this issue in the recent case of Gatheright v. State Farm Mut. Auto. Ins. *126 Co., 352 So.2d 428 (La.App. 3rd Cir. 1977). In the Gatheright case, the trial judge cast plaintiffs with all costs of court when the plaintiffs had been unsuccessful in an attempt to recover damages from their uninsured motorist carrier. In affirming the trial court, we stated at page 433:
“It appears to us that the trial judge assessed all costs against Mr. and Mrs. Gatheright ‘as plaintiffs’ rather than as ‘defendants in reconvention’. If Ms. Gou-deau had not reconvened for her property damages and this was simply a suit by the Gatherights against State Farm under the uninsured motorist provision of its policy, then surely they could not be heard to complain, once they lost their suit against State Farm, and were cast for costs. . . . ” (Emphasis supplied.)
We have carefully reviewed the record before us and cannot find any reasonable or equitable basis for casting appellant with costs.
We find that the trial court abused its discretion when it assessed all costs to defendants and we have determined that it is fair and equitable for all costs to be assessed to plaintiff-appellee. See LSA-C. C.P. Article 2164.
Appellee’s answer to the appeal seeking damages for a frivolous appeal merits no consideration in view of our decision of this day.
Appellee further asks that we review the transcript of the first trial and award damages in excess of $25,000.00. Since the record of the first trial was not introduced into evidence at the second trial, and is not before us, we do not reach this issue.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it taxes costs of court to defendant-appellant, and all costs of court at the trial level are taxed to plaintiff-appellee. The judgment of the trial court is otherwise affirmed.
All costs of appeal are taxed to plaintiff-appellee.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.