# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 16-427


**TOMMIE HEBERT, ET UX**

**VERSUS**

**J. ORAN RICHARD, ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C2008-1200
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.



**AFFIRMED AS AMENDED.**

**James Cleverly Klick**
**Joseph  E. (Jed) Cain**
**Mikalia M. Kott**
**Danielle T. Hufft**
**Herman, Herman & Katz, L.L.C.**
**820 O'Keefe Avenue**
**New Orleans, LA 70113**
**(504) 581-4892**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Tommie Hebert**
    **Melissa Anne Hebert**

**Joseph R. Joy, III**
**Joseph Joy & Associates**
**P. O. Box 4929**
**Lafayette, LA 70502**
**(337) 232-8123**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Melissa Anne Hebert**
    **Tommie Hebert**

**Kenneth Hugh Laborde**
**Brendan P. Doherty**
**Gieger, Laborde & Laperouse**
**701 Poydras, Ste 4800**
**New Orleans, LA 70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **J. Oran Richard**
    **Industrial Helicopters, Inc.**
    **Allianz Global Risks US Insurance Company**
    **Game Management, Inc.**
    **Michael David Richard**

**Charles R. Sonnier**
**P. O. Drawer 700**
**Abbeville, LA 70511-0700**
**(337) 893-5973**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Game Management, Inc.**
    **Allianz Global Risks US Insurance Company**
    **Michael David Richard**
    **Industrial Helicopters, Inc.**
    **J. Oran Richard**

**EZELL, Judge.**

Melissa and Tommie Hebert appeal the trial court's judgment allowing his employer and its insurer an offset/credit for all the workers' compensation benefits paid to him. The Heberts also argue that the trial court erred in failing to award them costs associated with their previous appeal to this court.

## FACTS

As we noted in the two previous appeals of this case to this court, Tommie Hebert was seriously injured when he fell to the ground from a helicopter owned by his employer, Industrial Helicopters, Inc. *Hebert v. Richard*, 10-1417 (La.App. 3 Cir. 7/6/11), 72 So.3d 892; *Hebert v. Richard*, 15-8 (La.App. 3 Cir. 6/17/15), 166 So.3d 1265, *writs denied*, 15-1390, 15-1591 (La. 10/2/15), 178 So.3d 991. At the time of the accident, Mr. Hebert was "employed by Industrial for nearly thirty years, primarily as a commercial fuel truck driver." *Hebert*, 166 So.3d at 1268. Industrial was primarily in the business of aerial herbicide application. However, it also supplied helicopters for fish and game surveys and captures. *Id.*

J. Oran Richard, the owner and president of Industrial, also owned Game Management, Inc. Game Management "leased large tracts of land for hunting, fishing, farming, and ranching in Louisiana and Texas . . . . [and] also performed wildlife surveys in Mexico, during which it aerially tracked and captured deer." *Id.* at 1269. Mr. Hebert primarily drove a truck for Industrial but was asked by Mr. Richard's son, an employee of Industrial, to serve as a deer netter in Mexico the weekend he fell from the helicopter.

This court held initially that Game Management was not a borrowed employer, that Industrial was liable for workers' compensation benefits, and that Industrial was entitled to tort immunity if Mr. Hebert was in the course and scope

of his employment. *Hebert*, 72 So.3d 892. The case was then remanded to the trial court for a trial on the merits. A jury trial was held on May 27, 2014, in which the jury found that Mr. Hebert was in the course and scope of his employment with Industrial at the time of the accident. The jury awarded $1,500,000.00 in special damages and $500,000.00 in general damages to Mr. Hebert. Mr. Hebert was assigned 56% fault for the accident, and Industrial was assigned 44% percent of the fault. Therefore, Industrial's share of the total damages amounted to $880,000.00.

In the appeal following the jury trial, this court found that statements made by Industrial in multiple filings into the record and in its brief constituted a judicial confession that Mr. Hebert was not in the course and scope of his employment with Industrial at the time of the accident. *Hebert*, 166 So.3d 1265. We also affirmed the jury's award of $1,500,000.00 in special damages to the Heberts. This court then remanded "the case to the trial court to determine whether either Industrial or its insurer may be entitled to an offset for workers' compensation benefits already paid." *Id*. at 1282.

On remand, the Heberts filed a motion to fix costs asking that all court costs be assessed against the defendants. The issues of offset and costs were heard by the trial court on November 9, 2015. The trial court determined that Industrial was entitled to an offset in the amount of $503,839.49, representing the entire amount of workers' compensation benefits it paid to or on behalf of Mr. Hebert. Since Mr. Hebert was found 56% at fault, the trial court determined that each party would bear their own costs of litigation. The Heberts then filed the present appeal challenging both rulings.

2

**OFFSET**

The Heberts claim that the trial court erred in allowing Industrial to claim an entire offset/credit without consideration of the supreme court's ruling in *Gagnard v. Baldrige*, 612 So.2d 732 (La.1993). The supreme court held that an employer who is assessed both workers' compensation benefits and tort damages gets a credit or offset for wages and medical expenses to the extent that disability benefits and medical expenses have been paid. However, the amount of the credit should not exceed the amount of wages and medical expenses owed or awarded under tort liability. This is based on the "premise that Louisiana law does not allow for double recovery of the same element of damages." *Albert v. Farm Bureau Ins. Co.*, 05-2496, p. 4 (La. 10/17/06), 940 So.2d 620, 622.

In the present case, it has been determined that Mr. Hebert was not in the course and scope of his employment, so Industrial is not responsible for workers' compensation benefits. Industrial is only liable to Mr. Hebert for tort damages. Therefore, Industrial is entitled to reimbursement of the workers' compensation benefits it paid to Mr. Hebert. *Hebert v. Jeffrey*, 95-1851 (La. 4/8/96), 671 So.2d 904. Industrial is only responsible to Mr. Hebert for the extent of its tort liability, 44%. By finding it liable for 44% of the total damages of $2,000,000.00, or $880,000.00, the trial court correctly assessed Industrial for its share of the medical expenses and lost wages that the jury found Mr. Hebert is entitled to. Therefore, the trial court was correct in giving Industrial and its insurer a credit for the full amount paid in indemnity benefits as it was not responsible for workers' compensation benefits since Mr. Hebert was not in the course and scope of his employment.

**COURT COSTS**

In their final assignment of error, the Heberts call attention to the fact that this court did not assess court costs in its second appeal to this court. *Hebert*, 166 So.3d 1265. The trial court held that each party should be responsible for their own costs since Mr. Hebert was found 56% at fault for the accident. Even though the Heberts requested that the trial court assess costs of the second appeal to Industrial and Allianz, the trial court failed to do so. The Heberts note that in the second appeal this court reversed the previous trial court judgment, which was in favor of the defendants and awarded damages to the Heberts. The Heberts ask this court to tax the costs of the second appeal against Industrial and Allianz.

The trial court may assess costs as it considers equitable. La.Code Civ.P. art. 1920. A trial court has broad discretion in its assessment of costs which can only be reversed on appeal by showing an abuse of discretion. *Trahan v. Plessala*, 14-795 (La.App. 3 Cir. 2/5/15), 158 So.3d 209. Pursuant to La.Code Civ.P. art. 2164, appellate courts are obliged to review this ruling and may tax costs of the lower or appellate court as it considers equitable. *Lege v. State Farm Mut. Auto. Ins. Co.*, 386 So.2d 123 (La.App. 3 Cir.), *writ denied*, 392 So.2d 684 (La.1980). Furthermore, when a prevailing party is assessed with costs of litigation, it is generally due to the fact that the party in some way pointlessly incurred additional costs or engaged in conduct which justified assessment of costs against it. *Haas v. Romero*, 07-974 (La.App. 3 Cir. 2/20/08), 977 So.2d 196.

The Heberts were clearly successful in their second appeal to this court. On remand, the Heberts requested that the trial court assess the costs of the second appeal against the defendants when it made an assessment of court costs. As the prevailing party in the second appeal, we find the trial court abused its discretion in

4

assessing these costs to the Heberts. We amend that portion of the trial court judgment and render judgment assessing costs of the second appeal, *Hebert*, 166 So.3d 1265, against the defendants.

For the reasons expressed in this opinion, we amend the trial court judgment to provide that the costs of the appeal in *Hebert*, 166 So.3d 1265, are assessed to Industrial Helicopters, Inc. and its insurer, Allianz Global (US) Risk Insurance Co. The decision of the trial court is otherwise affirmed. Costs of this appeal are assessed 50% to the Heberts and 50% to the defendants.

**AFFIRMED AS AMENDED.**