# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-419


**LOUISIANA WORKERS' COMPENSATION CORPORATION**

**VERSUS**

**INDUSTRIAL HELICOPTERS, LLC**


**\*\*\*\*\*\*\*\*\*\***

SUPERVISORY WRIT FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 16-00535
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret, Judges.


**WRIT DENIED.**

**Kenneth H. Laborde**
**Brendan P. Doherty**
**Bradley J. Schwab**
**Gieger, Laborde & Laperouse**
**One Shell Square**
**701 Poydras Street, Suite 4800**
**New Orleans, LA 70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPLICANT:**
  **Industrial Helicopters, LLC**

**Gregory E. Bodin**
**Christopher M. Vitenas**
**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
**Chase North Tower**
**450 Laurel Street, 20**[th]** Floor**
**Baton Rouge, LA 70801**
**(225) 381-7000**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
 **Louisiana Workers' Compensation Corporation**

**SAUNDERS, Judge.**

Two applications seeking supervisory writs from judgments of the Office of Workers' Compensation (OWC), Parish of Lafayette, the Honorable Sharon Morrow presiding, have been filed in this matter, which has been before this Court on several previous occasions in an underlying tort litigation filed by Tommie Hebert (Hebert) and his wife against Industrial Helicopters, LLC (Industrial), among other defendants, for injuries Hebert sustained in a helicopter accident. *See Hebert v. Richard*, 10-1417 (La.App. 3 Cir. 7/6/11), 72 So.3d 892 (*Hebert I*); *Hebert v. Richard*, 15-8 (La.App. 3 Cir. 6/17/15), 166 So.3d 1265 (*Hebert II*), *writs denied*, 15-1390, 15-1391 (La. 10/2/15), 178 So.3d 991; *Hebert v. Richard*, 16-427 (La.App. 3 Cir. 11/2/16), 206 So.3d 251 (*Hebert III*), *writ denied*, 16-2058 (La. 1/19/17), 214 So.3d 870.

In the first writ application, docket number 17-419, Defendant/Plaintiff-in-Reconvention-Relator, Industrial, seeks supervisory writ from the OWC judgment, which granted summary judgment in favor of Plaintiff/Defendant-in-Reconvention, Louisiana Workers' Compensation Corporation (LWCC), Industrial's workers' compensation insurer, finding the doctrine of res judicata precluded relitigation of whether Hebert was in the course and scope of his employment with Industrial at the time of the accident.

In the second writ application, docket number 17-428, LWCC seeks review of the OWC judgment, which granted partial summary judgment in favor of Industrial, holding that coverage would be afforded to Industrial under LWCC's policy in the event it is determined that Hebert was in the course and scope of his employment with Game Management, Inc. (GMI), as a borrowed employee, at the time of his injury.

STATEMENT OF THE CASE

This matter arises out of an accident in which Hebert fell from a helicopter owned by Industrial while capturing whitetail deer using a deer-netting gun in Mexico on March 3, 2007. Industrial voluntarily began paying medical bills and issuing weekly checks to Hebert as workers' compensation benefits. LWCC denied coverage based on its determination that Hebert was not in the course and scope of his employment with Industrial at the time of the accident. Hebert and his wife sued, in tort, the owner and operator of the helicopter, Industrial, as well as GMI, a wildlife survey company. Both Industrial and GMI are owned by J. Oran Richard. As a defense, Industrial argued that (1) GMI was Hebert's special/borrowing employer who had borrowed Hebert from his general employer, Industrial, and (2) under La.R.S. 23:1031(C),[1] both Industrial and GMI were solidarily liable for workers' compensation benefits and, therefore, immune from suit in tort. The trial court granted summary judgment in favor of Industrial on this issue. On appeal, this court reversed, explaining:

> GMI is not a borrowing employer. Further, the control by Industrial in this case renders Industrial, but not GMI, liable for workers' compensation benefits and entitled to tort immunity if Mr. Hebert was in the course and scope of his employment with Industrial at the time of his accident. Industrial states that he was not.

---

[1] Louisiana Revised Statutes 23:1031(C) provides:

In the case of any employee for whose injury or death payments are due and who is, at the time of the injury, employed by a borrowing employer in this Section referred to as a "special employer", and is under the control and direction of the special employer in the performance of the work, both the special employer and the immediate employer, referred to in this Section as a "general employer", shall be liable jointly and in solido to pay benefits as provided under this Chapter. As between the special and general employers, each shall have the right to seek contribution from the other for any payments made on behalf of the employee unless there is a contract between them expressing a different method of sharing the liability. Where compensation is claimed from, or proceedings are taken against, the special employer, then, in the application of this Chapter, reference to the special employer shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the general employer by whom he is immediately employed. The special and the general employers shall be entitled to the exclusive remedy protections provided in R.S. 23:1032.

*Hebert I*, 72 So.3d at 903. Following remand, the Heberts filed a motion for partial summary judgment, asserting no genuine issue of material fact existed pertaining to the issue of Industrial's immunity from tort liability, given Industrial judicially admitted Hebert's injuries did not occur in the course and scope of his employment with Industrial in multiple filings of record. The trial court denied the motion, and after trial, the jury found Hebert was in the course and scope of his employment with Industrial at the time of the accident, awarding $1,500,000.00 in special damages and $500,000.00 in general damages. On appeal, this court again reversed, finding, relevant herein, that (1) the statement made by Industrial constituted a "judicial confession" that Hebert was not in the course and scope of his employment with Industrial at the time of the accident and (2) after reviewing all of the admissible evidence, including Industrial's confession, "the evidence overwhelmingly establishes that Hebert was not in the course and scope of his employment with Industrial at the time of the accident." *Hebert II*, 166 So.3d at 1274, 1276. At this point, LWCC sought to intervene in the action, seeking to have its obligations under its workers' compensation policy resolved, but the trial court denied the motion. After remand, this court further concluded that Industrial was entitled to an offset for the $503,839.49 in workers' compensation benefits already paid "as it was not responsible for workers' compensation benefits since Mr. Hebert was not in the course and scope of his employment." *Hebert III*, 206 So.3d at 254. Industrial has taken full credit for the offset, but still seeks to recover the entire $503,839.49 from LWCC.

Meanwhile, LWCC filed a Petition for Declaratory Judgment in the OWC, seeking a declaration that no coverage was afforded under its policy issued to Industrial. Industrial filed a counterclaim seeking coverage under the policy,

arguing Hebert was in the course and scope of his employment at the time of the accident, either directly with Industrial or as a borrowed employee.

Thereafter, LWCC filed its motion for summary judgment, seeking, in part, an order that this court's course and scope ruling was res judicata between the parties, precluding relitigation of this issue. Industrial opposed the motion, contending that res judicata is not applicable because this action and the *Hebert* action are not between the same parties. It also filed its own motion for partial summary judgment, seeking an order that coverage would be afforded under LWCC's policy in the event it is determined that Hebert was in the course and scope of his employment with either Industrial or with GMI as a borrowed employee at the time of the accident. In response, LWCC argued there was no way Industrial could be the lending employer because this court has already determined Hebert was not in the course and scope of his employment with Industrial at the time of the accident.

The OWC first heard LWCC's motion on March 3, 2017. Finding it was bound by this court's ruling on "direct" employment, the OWC granted summary judgment on the res judicata issue from the bench, noting:

> And you make good arguments, [defense counsel]; I understand the arguments. I see where you're coming from. It just goes against the grain for me to say, "Well, I disagree with the Third Circuit holding here." It's kind of like a child and a parent; you don't tell your parent you disagree. You wait for the parent to maybe change its mind or take a different approach. So I'm not saying that your argument doesn't have merit. It's just I do feel bound by that finding.

In a separate hearing held on March 22, 2017, the OWC granted partial summary judgment in favor of Industrial, finding, on the very narrow issue of general employment, "that if it is determined that Industrial was a general employer and Game Management, Inc. was a special employer of Tommie Hebert at the time of his accident, then coverage for worker's compensation benefits will

4

be payable under the policy LWCC issued to Industrial." Industrial now seeks review of the OWC's grant of summary judgment on the issue of res judicata (17-419), and LWCC seeks review of the OWC's grant of partial summary judgment on the borrowing employer/general employer issue (17-428). We have issued a writ granting LWCC's writ application on 17-428 which reversed the OWC's grant of partial summary judgment. Further, in writ 17-428, we have dismissed Industrial's claim in this matter.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. But see La.Code Civ.P. art. 2083, comment (b), Comments- -2005, which provides, in pertinent part, "Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs." "A court of appeal has plenary power to exercise supervisory jurisdiction over [trial] courts and may do so at any time, according to the discretion of the court." *Herlitz Const. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc.*, 396 So.2d 878, 878 (La.1981) (per curiam). When the trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. *Id.*

## ON THE MERITS

We dismissed Industrial's claim in writ 17-428. That dismissal renders this writ application moot.

5

## DISPOSITION

**WRIT DENIED.** This writ application is moot.